## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br>1718 Connecticut Ave. NW<br>Suite 200<br>Washington, DC 20009,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Ave. NW<br>Washington, DC 20220,<br><br>        Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief for the disclosure and release of agency records improperly withheld from plaintiff by the Internal Revenue Service.

## JURISDICTION AND VENUE

2. This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## THE PARTIES

3. Plaintiff Electronic Privacy Information Center ("EPIC") is a non-profit organization incorporated in Washington, DC. EPIC is a research center established in 1994 to focus public attention on emerging civil liberties issues and to protect privacy,

the First Amendment, and other constitutional values. EPIC's activities include the review of federal data collection and data sharing policies to determine their possible impacts on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports and a bi-weekly electronic newsletter. EPIC also maintains a heavily visited site on the World Wide Web (www.epic.org) containing extensive information on privacy issues, including information EPIC has obtained from federal agencies under the FOIA.

      4. Defendant Department of the Treasury ("Treasury") is a department of the Executive Branch of the United States government. Treasury is an "agency" within the meaning of 5 U.S.C. § 552(f), comprised of component agencies, including the Internal Revenue Service.

      5. The Internal Revenue Service ("IRS") is a component agency of defendant Treasury. The IRS is an "agency" within the meaning of 5 U.S.C.§552(f).

### Plaintiff's First FOIA Request and the IRS's Response

      6. By letter to the IRS dated July 23, 2004, plaintiff requested, *inter alia*, copies of records concerning law enforcement or intelligence agency access to individual taxpayer records or statistical information. Plaintiff's request specifically asked for records created between September 11, 2001 and the date of the request.

      7. By letter to plaintiff dated February 18, 2005, the IRS stated that it was closing plaintiff's request as imperfect, stating, "[t]o the extent that any information exist[s] in response to your request, we are prohibited by law from making return or return information of any taxpayer available to the public without a written authorization

2

or Power of Attorney[.]" The IRS advised plaintiff of its right to appeal the determination.

8. By letter to the IRS Appeal Office dated March 17, 2005, plaintiff appealed the agency's determination. Plaintiff explained,

> The IRS's determination on EPIC's request is incorrect because EPIC did not ask for information about taxpayers or from taxpayer returns. EPIC specifically requested correspondence, communications, policy memoranda, reports and statements concerning law enforcement or intelligence agency access to individual taxpayer records or statistical information. The IRS's determination clearly shows the agency erroneously interpreted EPIC's request to involve records EPIC does not seek, and to exclude the records EPIC has requested.

9. By letter dated September 15, 2005, the IRS granted plaintiff's appeal, stating that plaintiff's request would be sent to the IRS Headquarters Disclosure Office for "reconsideration."

10. To date, the IRS has not issued a determination on plaintiff's request, despite the requirement under the FOIA that it do so within twenty (20) working days.

11. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to the IRS.

### Plaintiff's Second FOIA Request and the IRS's Response

12. By letter dated September 26, 2005, plaintiff requested, *inter alia*, copies of records concerning law enforcement or intelligence agency access to individual taxpayer records or statistical information. Plaintiff's request specifically asked for records created between July 23, 2004 and the date of the request.

13. To date, the IRS has not issued a determination on plaintiff's second request, despite the requirement under FOIA that it do so within twenty (20) working days.

14. Plaintiff has exhausted the applicable administrative remedies with respect to its second FOIA request to the IRS.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

15. Plaintiff repeats and realleges paragraphs 1-14.

16. Defendant has wrongfully withheld agency records requested by plaintiff.

17. Plaintiff has exhausted the applicable administrative remedies with respect to the defendant's wrongful withholding of the requested records.

18. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. order the defendant to disclose the requested records in their entireties and make copies available to plaintiff;

B. provide for expeditious proceedings in this action;

C. award plaintiff its costs and reasonable attorneys fees incurred in this action; and

D. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/_____
MARCIA HOFMANN
D.C. Bar No. 484136

4

DAVID L. SOBEL
D.C. Bar No. 360418

MARC ROTENBERG
D.C. Bar No. 422825

ELECTRONIC PRIVACY INFORMATION
 CENTER
1718 Connecticut Ave NW
Suite 200
Washington, DC  20009
(202) 483-1140

Counsel for Plaintiff